BANKS, Justice,
concurring in part and concurring in the judgment:
I agree with the result that the majority reaches with respect to all issues. In my view the cumulative error issue is foreclosed by the principle of res judicata, See, Nixon v. State, 533 So.2d 1078 (Miss.1987), unaffected by the realization of error in our prior treatment of his jury selection claim. I write to note a caveat with respect to the primary issue, the question whether the Powers[1] claim is procedurally barred.
Like Justice Stevens, “[a]s a matter of first impression, ... I would conclude that a guilty verdict delivered by a jury whose impartiality might have been eroded by racial prejudice is fundamentally unfair.” Teague v. Lane, 489 U.S. 288, 322, 109 S.Ct. 1060, 1081, 103 L.Ed.2d 334, 364 (1989) (Stevens, J., Concurring in part and concurring in the judgment). Unlike Justice Stevens, I am not constrained by institutional imperatives to accept the contrary view expressed by that Court in Allen v. Hardy, 478 U.S. 255, 106 S.Ct. 2878, 92 L.Ed.2d 199 (1986). Id. Our constitution should provide ample independent authority for the conclusion that a trial before a jury so selected is fundamentally unfair. Miss. Const. § 26.
There is a distinction to be drawn, however. Batson rested on the guarantee of the Equal Protection Clause to the defendant that members of his race not be systematically excluded, as well as the same guarantee to prospective jurors that they not be discriminated against in the opportunity to serve. Batson v. Kentucky, 476 U.S. 79, 86-87, 106 S.Ct. 1712, 1717-18, 90 L.Ed.2d 69, 80-81 (1986). Powers, on the other hand, the support for Nixon’s claim here, rested solely on the latter ground. 499 U.S. at 409, 111 S.Ct. at 1369, 113 L.Ed.2d at 424. That ground speaks to values other than the fundamental fairness of the trial. It follows, then, that a Powers violation is not one which ordinarily *757 generates “actual prejudice” within the meaning of our post-conviction relief statutory scheme. Miss.Code Ann. 1972 §§ 99-39-5(2) and 99-39-27(9) (Supp.1992). That is not to say that discriminatory other race exclusions will not under any circumstances deprive a trial that is fundamentally fair so as to avoid procedural bars. I say only that there is no such showing here.

. Powers v. Ohio, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991).